**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID B. FULMER,**

      **Plaintiff,**

  **-v-**

      Case No.: 2:16-CV-79
      JUDGE SMITH
      Magistrate Judge Jolson

**DEREK MYERS,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff brings this action against the West Licking Joint Fire District (the "Fire District") and the individuals who comprise the West Licking Joint Fire District Board of Trustees ("the Board"), as well as Richard Emmons, an investigator, alleging violations of both federal and state law.  This matter is before the Court on Defendants' Motions to Dismiss Plaintiff's Complaint against them.  (Doc. 4; Doc. 11).  These motions are fully briefed and ripe for review.  For the reasons that follow, the Fire District and the Board's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**; and Defendant Emmons' Motion to Dismiss is **GRANTED**.

### I.    BACKGROUND

Plaintiff David Fulmer, a resident of Pataskala, Ohio, was the Fire Chief of the Fire District, serving from 2009 until his ultimate termination in 2014.  He was appointed by the Board pursuant to Ohio Revised Code § 505.38.  Defendants Derek Myers, Mark Van Buren, Michael Fox, Randy Foor, Brian Denton, Cornelius McGrady, and Timothy Hickin have all served on the West Licking Joint Fire District Board of Trustees during Plaintiff's tenure and are being sued in both their official and individual capacities.  Defendant Elizabeth Krugh was

employed as the Fiscal Officer for the Fire District in 2012. Defendant Steve Little was appointed by the Board to serve as "interim administrative of the Fire District." (*Id.* at ¶ 11). Defendant Richard Emmons is a licensed investigator and owner of R.L. Emmons and Associates, Inc. ("R.L. Emmons"). (*Id.* at ¶¶ 10, 42). The Board contracted with R.L. Emmons in 2012 to conduct an investigation of Plaintiff pursuant to Ohio Revised Code section 505.38(A).

Plaintiff alleges that the composition of the Board changed in January 2012, with the addition of new members and the election of new officers. (*Id.* at ¶¶ 23–24). Specifically, Plaintiff claims that "Board Member Mark Van Buren asked the District's attorney, Marc Fishel, 'how do we get rid of this guy?' (referring to Fulmer)." (*Id.* at ¶ 24). On May 23, 2012, the Board voted to place Plaintiff on administrative leave ("2012 Suspension") for alleged violations of "District rules and the provisions of the Ohio Revised and Administrative Codes." (*Id.* at ¶ 30). On June 7, 2012, the Fire District made the decision to contract with R.L. Emmons to conduct an investigation of Plaintiff. (*Id.* at ¶ 41). Emmons interviewed the members of the Board, as well as Plaintiff, and ultimately filed charges against Plaintiff on September 7, 2012. (*Id.* at ¶¶ 43–49). A new charge for misconduct in office and/or misfeasance was added on October 15, 2012. (*Id.* at ¶ 66).

On October 19 and 20, 2012, the Board conducted a hearing regarding the pending charges against Plaintiff. (*Id.* at ¶ 73). Plaintiff asserts that he established during the hearing that there was no evidence to support any of the charges against him. (*Id.* at ¶¶ 76–81). On November 8, 2012, the Board voted to terminate Plaintiff ("2012 Termination"). (*Id.* at ¶ 86). On November 16, 2012, Plaintiff filed his notice of appeal of the decision to terminate him with the Licking County Court of Common Pleas, Case No. 13-CV-1495. (*Id.* at ¶ 89). On April 18,

2013, the Licking County Court of Common Pleas reversed the Board's decision to terminate Plaintiff based on the lack of evidence to support the charges against him. (*Id.* at ¶ 94). On January 9, 2014, Fifth District Court of Appeals affirmed the Common Pleas Court decision. (*Id.* at ¶¶ 102–105). The Board then voted to reinstate Plaintiff, but at the same meeting voted to place him on administrative leave ("2014 Suspension"). (*Id.* at ¶ 108). Plaintiff asserts that he was never provided with the charges against him or given an opportunity to refute the charges. (*Id.* at ¶ 109).

Another independent investigator was hired to conduct an investigation, but the investigator, Doug Duckett, was hired by Little, not by an action of the Board. (*Id.* at ¶¶ 111–112, 114, 118). On April 10, 2014, Duckett issued his "Investigatory Report and Charges" which included:

- Charge No. 1: Fire Chief David B. Fulmer repeatedly violated the provisions of Policy 700.07 (Technology) through his deliberate misuse and reckless mismanagement of District-owned laptop computers and thereby committed misconduct in office, malfeasance, nonfeasance, and gross neglect of duty.

- Charge No. 2: Chief David Fulmer used the Dell and MacBook Pro laptops owned by the District for private business ventures for profit in violation of the Technology Policy, which constitutes both misconduct in office and malfeasance.

- Charge 3: Chief Fulmer's mismanagement of the laptop computers and claimed lack of responsibility for enforcing policies constitute gross neglect of his duties and misfeasance or nonfeasance.

- Charge 4: Chief Fulmer was dishonest in the interview–both through outright lies and through evasion and intellectual dishonesty–in direct violation of orders he received at the outset. This constitutes misconduct in office and malfeasance through insubordination.

(*Id.* at ¶ 119). Two additional charges were added on June 12, 2014:

- Charge No. 5: Fire Chief David B. Fulmer violated the provisions of Policy 700.07 (Technology) by using a District owned cell phone to

> transmit an image of a naked woman's torso and exposed breasts to Terra Metzger, a prospective employee who had accepted a job offer and was about to start work as the District's human resources officer.
>
> - Charge No. 6: Chief David Fulmer violated the District's sexual harassment policy, which constitutes both misconduct and malfeasance.

(*Id.* at ¶ 131).  Following a July 10, 2014 hearing, the Board voted to terminate Plaintiff.  (*Id.* at ¶ 148).  On July 15, 2014, Plaintiff appealed his termination to the Licking County Court of Common Pleas, Case No. 2014-CV-00656.  (*Id.* at ¶ 149).  That appeal was still pending at the time Plaintiff initiated this case, however, it has now been closed following a decision and entry denying the Administrative Appeal.

On November 10, 2014, Plaintiff filed a predecessor of this case in the Franklin County Court of Common Pleas against the Board, the individual Board Members, former employees, the Board Administrator, Mr. Emmons, and the two attorneys who represented the Board throughout the process, Case No. 2014-cv-11566.  On December 11, 2014, Defendants removed that case to this Court and it was assigned Case No. 1:14-cv-2563.  On December 30, 2014, Plaintiff voluntarily dismissed that case without prejudice.  Then, on December 30, 2015, Plaintiff filed another complaint in the Franklin County Court of Common Pleas, Case No. 2015-cv-11698.  Some defendants and some causes of action were removed, but for the most part, the new case was substantially similar to the first.  This case was removed to this Court on January 27, 2016. Plaintiff alleges seven causes of action arising from his 2014 Suspension and 2014 Termination as Fire Chief: (1) a claim under 42 U.S.C. § 1983 for the 2014 Suspension; (2) a claim under 42 U.S.C. § 1983 for the 2014 Termination; (3) a claim under 42 U.S.C. § 1983 against the West Licking Joint Fire District; (4) a claim under the Ohio Corrupt Practices Act ("OCPA"); (5) Civil Conspiracy; (6) Spoliation; (7) a claim under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

4

## II. STANDARD OF REVIEW

Defendants bring these motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

All of the Defendants have moved to dismiss Plaintiff's claims against them raising different grounds for dismissal. The Court will address each of the motions in turn.

### A. Defendants the Fire District and the Board's Motion to Dismiss

The Fire District and the Board have moved to dismiss Plaintiff's claims against them arguing that Plaintiff's claims are barred by the statute of limitations, and alternatively under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1]

Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983, for civil conspiracy, and spoliation are all governed by a two-year statute of limitations and therefore barred. While 42 U.S.C. § 1983 does not impose a particular limitations period, the Court applies the "general" or "residual" state statute of limitations applicable to tort and personal injury claims. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (citing *Owens v. Okure,* 488 U.S. 235, 249–50 (1989)); *see also* Ohio Rev. Code § 2305.10(A) (providing a two year statute of limitations beginning from the time "the cause of action accrues."). Further, Plaintiff's state law claims for civil conspiracy and spoliation are also governed by a two year statute of limitations.[2]

Although state law governs the length of the limitations period in § 1983 actions, federal law governs the question of when the limitations period begins to run. *See Harris v. City of Canton*, 725 F.2d 371, 372–73 (6th Cir. 1984). The dispute here is when the statute of limitations begins to run—"when the Plaintiff knows or has reason to know of the injury which

---

[1] Defendants have not moved to dismiss Plaintiff's § 1983 claims under Rule 12(b)(6), nor have they moved to dismiss Plaintiff's COBRA claim.

[2] These claims are tied to the primary action, the § 1983 claim, and therefore governed by the same statute of limitations.

is the basis of the action." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). In determining when the cause of action accrues in § 1983 actions, courts have looked to what event should have alerted the typical lay person to protect his or her rights. *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989). This is an objective test, i.e. "'[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

The initial question that must be resolved is when Plaintiff should have been aware of the alleged actions of the Defendants in this case. This will determine if his claims are barred by the statute of limitations. If not time barred, then the Court will consider Defendants' arguments concerning Plaintiff's alleged failure to state a claim upon which relief can be granted.. The Court will address these issues in turn.

    1.    **42 U.S.C. § 1983 Claims**

Defendants argue that based on Plaintiff's allegations in the Complaint, he admits that by October 19, 2012, he knew or reasonably should have known the facts underlying the basis for his Complaint and various causes of action. However, Plaintiff counters that these claims are not time barred because there was a continuing violation of his constitutional rights. Plaintiff is not seeking relief based on the 2012 Suspension or Termination. Rather, his claim is based on the 2014 Termination which occurred on July 10, 2014. Plaintiff argues that the 2012 Termination was cured by the decision of the Licking County Court of Common Pleas reinstating him. Therefore, the 2014 Termination is a separate act that triggers a new limitations period.

The Court agrees with Plaintiff that the 2014 Termination was a separate act and therefore started a new statute of limitation period. Although the conduct of Defendants was similar and ongoing, the Plaintiff clearly did not know about the 2014 Termination prior to July

10, 2014. Therefore, Plaintiff's claims relating to the 2014 Termination are not barred by the statute of limitations.

### 2. Civil Conspiracy Claim

The parties have raised similar arguments as those set forth above with respect to the statute of limitations for a civil conspiracy claim. For the reasons set forth above, the Court finds that Plaintiff's claim for civil conspiracy surrounding the 2014 Termination is not time barred.

Defendants argue that Plaintiff's claims for civil conspiracy have not been pled with specificity as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) specifically provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Further, "[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, . . . circumstantial evidence may provide adequate proof of conspiracy." *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000).

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). To establish a claim for civil conspiracy, a plaintiff must establish: "(1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) the existence of an unlawful act independent from the actual conspiracy." *Eva v. Midwest Nat'l Mortg. Bank, Inc.*, 143 F. Supp.2d 862, 898 (N.D. Ohio 2011). Defendants assert that Plaintiff fails to indicate which combinations of the above Defendants were involved in the alleged conspiracy, and that he merely offers a

conclusory statement that Plaintiff's termination was a result of the alleged conspiracy. And that Plaintiff never describes the "separate unconstitutional act" that allegedly occurred. Plaintiff responds that the Complaint sufficiently alleges that Defendants agreed to undertake certain acts in a coordinated manner with the end result of removing Plaintiff from his position.

The Court agrees with Defendants that Plaintiff has failed to sufficiently plead a claim for civil conspiracy. Plaintiff alleges in his Complaint that "Defendants . . . conspired, in combinations of two or more individuals, to injure the Plaintiff in his constitutionally protected employment position and reputation and, as a result of their joint effort(s), caused actual damages to the Plaintiff by virtue of his employment terminations." (Doc. 3, Compl. ¶ 193). The allegations in the Complaint are unsupported by material facts and therefore insufficient to state a claim. Accordingly, Plaintiff's claim for civil conspiracy is dismissed.

### 3. Spoliation Claim

Defendants argue that Plaintiff's claim for spoliation is barred by the two year statute of limitations while Plaintiff argues that the two year statute of limitations period is not applicable here. Plaintiff relies on *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St. 3d 488, 492, 756 N.E.2d 657 (2001), which held:

> spoliation claims 'may be brought at the same time as the primary action.' 'May' is permissive. Had we intended for all spoliation claims to be brought at the same time as the primary action we would have chosen 'must' or 'shall.' We did not. To clarify *Smith* [*v. Howard Johnson Co., Inc.*, 67 Ohio St. 3d 28, 29, 615 N.E.2d 1037 (1993)] today we hold that claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action.

Relying on *Davis*, Plaintiff argues that he "did not become aware of a potential spoliation claim until after the original action was filed and the primary case is yet to concluded [sic]." (Doc. 13, Pl.'s Resp. to the Board at 8). Plaintiff alleges in the Complaint that "[i]n May of

2012, and at all times thereafter, the individual Defendants knew that litigation with Fulmer was probable." (Doc. 3, Compl. ¶ 200). Further, Plaintiff alleges that "[d]espite this knowledge, the Defendants, and particularly Emmons, Little and Krugh, willfully destroyed evidence which was designed to disrupt Fulmer's case, including defenses to the administrative charges filed against him, his public records and sunshine law cases, and this action, despite Fulmer's specific written requests to preserve the evidence." (Doc. 3, Compl. ¶ 201).

      The aforementioned allegations in Plaintiff's Complaint, however, do not allege any specific incidents of spoliation, what specific evidence was spoliated, or when it was discovered. The only reference to any evidentiary issues in the Complaint was Plaintiff's allegation that "[o]n August 30, 2012, Comstock wrote to Fishel and requested a copy of the entire hard drive of Fulmer's District computer." (*Id.* at ¶ 48). Then, again "[o]n September 12, 2012, Comstock again requested access to Fulmer's District computer. The District did not respond to any of Comstock's requests for the computer." (*Id.* at ¶ 51). Plaintiff again mentions the computer evidence, alleging that "both Hatfield and Emmons lied about the Miami Township computer evidence when both stated, during the [October 2012] hearing that they had only recently received the evidence which necessitated filing Charge 3 four days prior to the hearing. In fact, the defendants had known about the computer evidence for several months and had withheld it from Fulmer despite the repeated requests of Fulmer and his attorney (Comstock) for it." (*Id.* at ¶ 81). Plaintiff later references the alleged spoliation but referenced the June 5, August 30, and September 12, 2012 letters sent by his attorney. (*Id.* at ¶ 138). Therefore all of the allegations regarding Plaintiff's spoliation claim relate to knowledge he had in 2012. This was not recently discovered knowledge of spoliation as in *Davis*. Therefore, Plaintiff's filing of this claim more than three years after knowledge of a potential claim for spoliation is not timely and must be

dismissed.

### 4. Ohio Corrupt Practices Act Claim

Defendants argue that Plaintiff's claim for violation of the OCPA, Ohio's version of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), must be dismissed for failure to plead the claim with specificity as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  The elements required to establish an OCPA or RICO violation are: "(1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses; (2) that the prohibited criminal conduct of the defendant constitutes a pattern; and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise."  *Patton v. Wilson*, 8th Dist. No. 8207, 2003-Ohio-3379, ¶ 12.

To survive a motion to dismiss, Plaintiff must allege that the Defendants engaged in a pattern of corrupt activity.  Ohio Revised Code § 2923.31(E) defines a "[p]attern of corrupt activity" as "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."  Further, enterprise is defined as a group of persons and/or organizations "associated in fact although not a legal entity."  Ohio Rev. Code § 2923.31(C).

Defendants argue that this claim must be dismissed because Plaintiff has failed to set forth any pattern of corrupt activity, and has failed to establish an enterprise separate from those named organizations involved in this case.  Plaintiff responds that the enterprise is the West Licking Joint Fire District, its Board Members, and the investigator and they "sought to use the governing powers of the district to unconstitutionally remove Fulmer from office.  Said violation

11

consisted of a series of acts following Fulmer's reinstatement in April of 2013 and continued until he was again removed in July of 2014." (Doc. 20, Pl.'s Resp. to the Board at 10).

The Court agrees with Defendants that Plaintiff has failed to sufficiently allege any pattern or continued threat of criminal activity, nor has he established an enterprise for purposes of this claim. Although a corporation or public entity may be a member of an enterprise under RICO, an enterprise may not solely be composed of the corporation and its officer, employees and agents. *U.S. Demolition & Contracting v. O'Rourke Constr. Co.*, 94, Ohio App. 3d 75, 85, 640 N.E.2d 235 (8th Dist. 1994). "In short, an organization cannot join with its own members to do that which it normally does and thereby form an enterprise separate and apart from itself." *Id.* (quoting *Yellow Bus Lines, Inc. v. Local Union 639*, 839 F.2d 782, 791 (D.C. Cir. 1988) *vacated on other grounds*, 492 U.S. 914 (1989)). Further, "a single scheme of narrow scope" containing "a single type of predicate act" to accomplish a single objective causing a single type of injury does not constitute a proper RICO claim because there is no threat of continued criminal activity. *Morrow v. Reminger & Reminger*, 183 Ohio App. 3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 34 (10th Dist.). Therefore, "when there is only one purpose, one result, one set of participants, one victim, and one method of commission, there is no continuity and therefore no pattern." *Id.* (citing *B.J. Skin & Nail Care, Inc. v. Int'l Cosmetic Exch., Inc.*, 641 F. Supp. 563, 566 (D. Conn. 1986)). In this case, the allegations against Defendants constitute a single type of act with a single injury to Plaintiff, the 2014 Termination. As a result, there is no pattern sufficient to maintain an OCPA claim. Therefore, Plaintiff's OCPA claim against all Defendants is hereby dismissed.

**B. Defendant Richard Emmons' Motion to Dismiss**

Defendant Emmons has moved to dismiss all of Plaintiff's claims against him,

specifically the Fifth, Seventh, and Eighth causes of action. Defendant Emmons argues that he is not the proper party as it was his company, R.L. Emmons, that contracted with the Board to conduct the investigation of Plaintiff, not him personally. Further, Defendant argues that he is not a state actor and therefore not liable under § 1983 and that even if he were a state actor, he is entitled to qualified immunity. Finally, Emmons argues Plaintiff's claims against him are all time-barred because he was only involved in the 2012 Suspension and Termination, not the 2014 Termination.

Plaintiff responds that the Court need not address the § 1983 arguments because he did not bring those claims against Defendant Emmons. Plaintiff asserts that the claims he has brought against Defendant Emmons are for spoliation, civil conspiracy, and claims under OCPA. Having concluded above the Plaintiff has failed to state a claim against all Defendants for civil conspiracy and under OCPA, the same conclusion applies to Defendant Emmons.

Further, having found that Plaintiff failed to timely file a claim for spoliation against the other Defendants, the same applies to Defendant Emmons. Specifically, with respect to Defendant Emmons, Emmons was only involved in the investigation of Plaintiff during the 2012 time period. Therefore, any actions by Defendant Emmons would have occurred in 2012 and bringing claims for spoliation against him over three years later are time barred. Accordingly, all of Plaintiff's claims against Defendant Emmons are **DISMISSED**.

## IV. CONCLUSION

Based on the aforementioned, the Court **GRANTS IN PART AND DENIES IN PART** Defendants Motion to Dismiss (Doc. 4); and **GRANTS** Defendant Emmons' Motion to Dismiss (Doc. 11). Plaintiff's Sixth, Seventh, and Eighth causes of action are hereby dismissed. Plaintiff's First, Second, Fifth, and Ninth Claims remain pending.

13

Defendants have also moved for fees, costs and a stay which is **DENIED** without prejudice as Plaintiff's First, Second, Fifth, and Ninth claims remain pending in this case. The Court would entertain a motion for fees and costs upon the final resolution of this case.

The Clerk shall remove Documents 4 and 11 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                                  */s/ George C. Smith*
                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**